IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH MICHAEL EVANS, #162725      *
          Petitioner,
    v.                                        *  CIVIL ACTION NO. WDQ-09-1795

RODERICK SOWERS, et al.           *
          Respondents.
                                            ***

## **MEMORANDUM**

This 28 U.S.C. § 2254 Petition for writ of habeas corpus was filed on July 7, 2009, attacking Petitioner's 1982 life sentence for first-degree murder.[1] Paper No. 1. Respondents have filed a limited show cause answer arguing that the Petition is untimely. Paper No. 3. Petitioner has filed a Reply. Paper No. 4. For reasons to follow the Petition shall be dismissed.

Title 28 U.S.C. § 2244(d) provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Petitioner does not raise conventional habeas corpus grounds. He claims that the 2006 state circuit court decision to deny his motion to correct an illegal sentence was "contrary to clearly established federal law." The issues raised in the state court motion alleged that (1) the language used in his pre-sentence investigation report violated the terms of his plea agreement as the PSI did in fact recommend a sentence and (2) the "retroactive application of the finding" by the Board of Review at Patuxent Institution to determine whether a "maximum benefit" had been reached in his case violated ex post facto laws.

>   (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to Respondents, Petitioner pleaded guilty to one count of first-degree murder on February 10, 1982. On May 26, 1982, he was sentenced to serve life in prison with a recommendation to the Patuxent Institution. Paper No. 3, Exs. 1 & 2. Petitioner did not file an application for leave to appeal the entry of the guilty plea and sentence. His conviction became final in June of 1982. *See* Md. Rule 8-204. Inasmuch as Petitioner's conviction became final prior to the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he had one year from April 24, 1996, to file his § 2254 petition for habeas corpus in this court. *See Brown v. Angelone*, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to the April 24, 1996 enactment of the AEDPA); *see also Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

Petitioner had until April 24, 1997, to submit this action. The Petition was not filed until July 7, 2009, more than twelve years after the expiration of the limitation period. 28 U.S.C. § 2244(d)(2) provides for statutory tolling of the limitation period while state post-conviction proceedings are pending. According to the materials a petition for post-conviction relief was filed by Petitioner on September 14, 1990, and denied by the state circuit court on July 29, 1991. Petitioner's application for leave to appeal was denied on June 4, 1992. A second petition for post-conviction relief was filed on September 29, 1995, and denied by the circuit court on January 31, 1996. The application for leave to appeal was denied on July 3, 1996, with reconsideration denied

on August 27, 1996. A motion to reopen post-conviction proceedings, filed on November 1, 1996, was dismissed on December 4, 1996. A second motion to reopen was filed on December 16, 1996. This second motion was granted in part on January 8, 1997, and after review and hearing the circuit court granted Petitioner renewed consideration of his motion for modification of sentence and denied same on December 5, 1998. No application for leave to appeal was filed.

The record further shows that Petitioner filed a motion to correct an illegal sentence on September 23, 2006, which was denied without hearing. The Court of Special Appeals of Maryland affirmed the circuit court decision on January 17, 2008. An application for review before a three-judge panel, filed on June 5, 2008, was denied on February 13, 2009.

Even when affording the record a generous construction, the Court finds that no properly filed state post-conviction proceeding was pending for over eleven and one-half years. An application for state post-conviction relief is pending, and the statute of limitations tolled, so "long as the ordinary state collateral review process is 'in continuance,' *i.e.* until completion of that process. In other words, until the application has achieved final resolution through the state's post-conviction procedures, by definition it remains pending." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Maryland's Uniform Post Conviction Procedure Act limits the number of petitions for post-conviction relief to one with respect to a particular trial. A motion to reopen post conviction proceedings is not in the ordinary course of post-conviction proceedings contemplated under the Maryland Uniform Post Conviction Procedure Act ("UPCPA"). Rather, a motion to reopen proceedings is a mechanism created to provide a remedy in the rare case where the one petition limit has already been exhausted and the interests of justice require reopening the proceedings. *See Harris v. State*, 862 A.2d 516, 527 (Md. App. 2004). Moreover, the right to reopen post-conviction

proceedings is granted to those state inmates who "assert[] facts that-if proven to be true at a subsequent hearing-establish that post conviction relief would have been granted but for the ineffective assistance of the petitioner's post conviction counsel." *Stovall v. State*, 800 A.2d 31, 34 (Md. App. 2002); *see also Gray v. State*, 879 A.2d 1064, 1070 (2005) ("The historical development of the [UPUPA], over time, reveals a legislative attempt to limit the number of post-conviction petitions that can be filed.  That statutory history supports our holding that the court is not required to treat a petition to reopen the same as a petition for post-conviction relief.")   Accordingly, this Court does not find that a motion to reopen post-conviction proceedings, under the scenario presented in this case, serves to toll the limitations period.  Further, a motion to correct an illegal sentence and application for review before a three-judge panel did not toll the limitations period because such proceedings do not constitute "an application for state post-conviction or other collateral review" under § 2244(d).  *See Walkowiak v. Haines*, 272 F.3d 234, 239 (4th Cir. 2001) (to comprise a "collateral review" proceeding, the review procedures must be "separate and distinct" from the original criminal proceeding); *see also Hartmann v. Carroll*, 492 F.3d 478, 483-484 (3rd Cir. 2007);  *Bridges v Johnson*, 284 F.3d 1201, 1203-04 (11th Cir. 2002) (state court review by three-judge panel does not act to toll § 2244(d)(1) limitation period).

In his Reply, Petitioner claims that had competent post-conviction counsel noted the language of his pre-sentence investigative report and raised the issue in his first proceeding in 1991, the violation of the terms of the plea agreement would have been properly and timely before the Court.  Paper No. 4.    He asserts that he should not be time-barred as a result of the ineffective assistance of counsel.[2]    Petitioner additionally alleges that Respondents' Limited Answer does not

---

[2]   Petitioner alleges that on December 5, 1997, Post-Conviction Judge Barbara Kerr Howe found that

address his claim regarding the "retroactive application" of Maryland legislation which resulted in his removal from Patuxent Institution in violation of the Ex Post Facto Clause.[3]

The one-year limitation period under §2254 is, however, additionally subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330.

The Court does not find Petitioner's arguments persuasive. Petitioner was sentenced in 1982, and his habeas corpus Petition is otherwise time-barred under 28 U.S.C. § 2244(d)(1)(A). Moreover, his Reply does not present arguable grounds for equitable tolling or for statutory tolling under 28 U.S.C. § 2244(d)(1)(B-D) that would otherwise save his Petition. A separate Order shall be entered dismissing this § 2254 action with prejudice.

Date:  October 19, 2009                    _____/s/_____
                                            William D. Quarles, Jr.
                                            United States District Judge

---

his prior post-conviction counsel, Joseph S. Lyons, provided ineffective assistance of counsel during the March 12, 1991 post-conviction proceeding. Paper No. 4.

[3] Petitioner finally explains this ground in greater detail. He claims that at the time his offense was committed, Patuxent Institution provided programming and services not available at Division of Correction institutions. He alleges that he was found eligible for Patuxent by his sentencing judge, who later denied a reduction of sentence and instead deferred a decision regarding Petitioner's return to the community to Patuxent officials. Petitioner asserts that later Maryland legislation eliminated a certain class of offenders as eligible for the Patuxent program and this was applied to him in 1998, resulting in his transfer out of Patuxent to a Division of Correction facility.